Peter Gibbons (CBN: 196169)
Suite E
1805 North Carson Street
Carson City, NV 89701-1216
Telephone: 775-434-1856
LawDr1@lawdr.us
Attorney for Plaintiffs.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Austin M. Higley, Kyle J. Clark, and
Ryan D. Clark

        Plaintiffs,

        vs.

CALIFORNIA STATE
UNIVERSITY; Joseph Castro,
Acting Chancellor of the
CALIFORNIA STATE
UNIVERSITY SYSTEM, in his
official and personal capacities;
Gayle E. Hutchinson, President of
the CALIFORNIA STATE
UNIVERSITY, Chico Campus, in
her official and personal capacities;
Xavier Becerra, Secretary of the U.S.
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, in his official
and personal capacities; Dr. Anthony
Fauci, Director of the NATIONAL
INSTITUTE OF ALLERGIES AND
INFECTIOUS DISEASES, in his
official and personal capacities; Dr.
Janet Woodcock, Acting
Commissioner of the U.S. FOOD
AND DRUG ADMINISTRATION,

**Case No: 2:21-at-583**

**Complaint for Injunctive and Declaratory Relief**

**Jury Trial Demanded**

in her official and personal
capacities; U.S. DEPARTMENT OF
HEALTH AND HUMAN
SERVICES, FOOD AND DRUG
ADMINISTRATION; CENTER
FOR DISEASE CONTROL AND
PREVENTION; NATIONAL
INSTITUTES OF HEALTH;
NATIONAL INSTITUTE OF
ALLERGIES AND INFECTIOUS
DISEASES; and John and Jane Does
I-V,

                    Defendants.

## PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Comes now Plaintiffs, by and through their undersigned counsel, who move the Court for the issuance of an injunction to restrain the Federal Defendants[1], their officers, agents, servants, employees, and attorneys, to stop the approval of Covid-19 vaccinations until such time as procedures are established to require prescreening prior to injection to establish whether the individual has had, or currently has, the Covid-19 virus; to restrain the State Defendants from mandating a person receive the vaccine prior to the implementation of said procedures; and for declaratory relief on the issue whether vaccination of those who have either had the virus, or currently have the virus, are at risk of death or serious illness.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 because this civil action arises under the Constitution and laws of the United States; 28

---

[1]     Defendants CSU, Castro and Hutchinson are hereinafter collectively referred to as "the State Defendants. The Federal officers, employees and Federal Agencies are hereinafter collectively referred to as "the Federal Defendants."

U.S.C. Sec 1361 because this civil action seeks to compel officers and employees of the United States to perform the duty of disapproving a vaccine that is potentially deadly and causes serious health issues; and 28 U.S.C. § 1343(a)(3) because this civil action is to secure equitable relief for violation of Plaintiffs' civil rights; and 5 U.S.C. § 703 because no special statutory review is available and this civil action seeks both injunctive and declaratory relief; and 28 U.S.C. § 2201 because this civil action involves a dispute among the parties as to whether the Covid-19 vaccines are, or are not, potentially deadly and cause serious health issues; and 42 U.S.C. § 1983 because the State Defendants are violating Plaintiffs' civil rights.

2.       Venue is properly set in this Court pursuant to 28 U.S.C. §1391(e)(1).

**PARTIES**

3.       Plaintiff Austin Myles Higley ("*Higley*") is an individual resident in Grass Valley, California, and within the above-designated District Court.

4.       Plaintiff Kyle J. Clark ("*Kyle Clark*") is an individual resident in Rocklin, California, and within the above-designated District Court.

5.       Plaintiff Ryan D. Clark ("*Ryan Clark*") is an individual resident in Rocklin, California, and within the above-designated District Court.

6.       Defendant California State University ("*CSU*") is a public university system in California with 23 campuses and eight off-campus centers enrolling 485,550 students with 55,909 faculty and staff.

7.       Defendant Joseph Castro is the Acting Chancellor of the California State University System. He is being sued in his official and personal capacities.

8.       Defendant Gayle E. Hutchinson holds the office of President within the CSU system. She is being sued in her official and personal capacities.

9.       Defendant Xavier Becerra is the current Secretary of Defendant the U.S. Department of Health and Human Services.  He is being sued in his official and personal capacities.

10.     Defendant Dr. Anthony Fauci is the Director of Defendant the National Institute of Allergies and Infectious Diseases. He is being sued in his official and personal capacities.

11.     Defendant Dr. Janet Woodcock is the Acting Commissioner of Defendant the Food and Drug Administration. She is being sued in her official and personal capacities.

12.     Defendant United States Department of Health and Human Services ("*DHHS*") is a federal agency.

13.     Defendant Food and Drug Administration ("*FDA*") is a federal sub-agency of Defendant DHHS.

14.     Defendant Center for Disease Control and Prevention ("*CDC*") is a federal sub-agency of Defendant DHHS.

15.     Defendant National Institutes of Health ("*NIH*") is a federal sub-agency of Defendant DHHS.

16.     Defendant National Institute of Allergies and Infectious Diseases ("*NIAID*") is a federal sub-agency of Defendant DHHS.

17.     Defendants John and Jane Does I - V are as yet unknown agencies and individuals.

## FACTS COMMON TO EACH CAUSE OF ACTION

18.     Scientific medical research establishes that the Covid-19 vaccines currently authorized for emergency use (*"Emergency Use Authorization" hereinafter "EUA"),* when administered to those individuals that have had and recovered from the Covid-19 virus, or who currently have the virus (*herein collectively referred to as "Covid-19 Recovered"),* are at substantial risk of serious illness, including death, from the following non-inclusive medical conditions: Coagulopathy issues, including blood clots, hemorrhage, thrombocytopenia, heart attack, and strokes; Reproductive issues, including menstrual irregularities, reduced fertility, miscarriages, and preterm births; Transmission of spike protein (*or its fragments*) from vaccinated individuals, such as

through breast milk and associated risk in neonates and infants; Neurological disorders, including Guillain-Barré syndrome, acute disseminated encephalomyelitis, transverse myelitis, encephalitis, myelitis, encephalomyelitis, meningoencephalitis, meningitis, encephalopathy, demyelinating diseases, and multiple sclerosis, and dementia; Cardiac issues, including myocardial infarction, myocarditis and pericarditis, among others; Autoimmune diseases, including thyroiditis and diabetes mellitus, immune thrombocytopenia, autoimmune hepatitis, primary biliary cholangitis, systemic sclerosis, autoimmune disease for skeletal muscles (*myasthenia gravis, myositis such as polymyositis, dermatomyositis, or other inflammatory myopathies*).

19. The Federal Defendants continue to issue official recommendations, upon which the State Defendants have relied, that every person in the United States receive the Covid-19 vaccine which recommendations are falsely premised on their contention the Covid-19 vaccines are safe.

20. The Federal Defendants intend to authorize one or more of the current EUA vaccines for full licensure in the immediate future without any requirement for prescreening to determine if a potential recipient of the vaccine has had, or currently have, the virus.

21. Plaintiffs are, and at all times herein mentioned, students at Defendant CSU, Chico Campus.

22. Plaintiff Higley is a Covid-19 Recovered person having contracted the virus in early January, 2020.

23. Plaintiff Kyle Clark is a Covid-19 Recovered person having contracted the virus in late January, 2020.

24. Plaintiff Ryan Clark is a Covid-19 Recovered person having contracted the virus in mid January, 2020.

25. On April 22, 2021, the State Defendants, acting under color of state law, caused to be sent to Plaintiffs an e-mail stating the official policy of CSU to mandate, after official licensure of any of the vaccines, that students, faculty and staff must be

vaccinated or they will be precluded from the campus for the fall semester. A copy of said e-mail is attached hereto as Exhibit 1.

## FIRST CAUSE OF ACTION AGAINST THE STATE DEFENDANTS
### Injunctive Relief Under 42 U.S.C. § 1983

26.    Plaintiffs incorporate by reference paragraphs 1-25 herein above as if set forth in full.

27.    Once the EUA vaccine is approved for general use, Plaintiffs will lose their right to choose their own health care unless the State Defendants' mandate is enjoined.

28.    Cal. Const. art I, § 28(7), providing that all students have the right to be safe and secure in their persons will be violated when Plaintiffs are forced to obtain a vaccination that is inherently dangerous and life threatening.

29.    So too, a person's right to personal security is a "historic liberty interest protected substantively by the Due Process Clause of the 14th Amendment.

30.    The right to bodily autonomy and to choose one's healthcare falls within a "historic liberty interest."

31.    Unless the State Defendants are enjoined, Plaintiffs will be irreparably harmed, which harm includes, not by way of limitation, death, or other serious illness, and loss of fundamental State and Federal constitutionally protected rights.

## SECOND CAUSE OF ACTION AGAINST FEDERAL DEFENDANTS
### Injunctive Relief Under 5 U.S.C. § 703

32.    Plaintiffs incorporate by reference paragraphs 1-25 herein above as if set forth in full.

33.    Federal Defendants, and each of them, have an absolute duty under the Constitution of the United States to protect the life, liberty, and property of the citizens as an integral part of the fundamental purpose for establishment of the federal government. See the Declaration of Independence ¶ 2 "That to secure these rights, Governments are instituted among men, …"

34.    Federal Defendants, and each of them, being completely in control of the full licensure of the Covid-19 vaccines, have a mandatory duty under the due process clause to notify potential recipients of the vaccines of the serious health effects, including death, if they are a Covid-19 Recovered person.

35.    Unless the Federal Defendants are enjoined from issuing full licensure without a mandatory requirement to prescreen individuals to ascertain whether one is a Covid-19 Recovered person, and a mandate to exclude those persons from vaccinations, Plaintiffs will be irreparably harmed, which harm includes, not by way of limitation, death, or other serious illness, and loss of fundamental State and Federal constitutional rights.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Declaratory Relief Under 28 U.S.C. § 2201

36.    Plaintiffs incorporates by reference paragraphs 1-29 herein above as if set forth in full.

37.    There is an actual controversy between Defendants and Plaintiffs regarding the safety of the lives and health of people who have in the past, or who currently are infected, with the Covid-19 virus.

38.    Defendants have asserted in published documents that there is no need to screen individuals before receiving the various vaccines as the vaccine is safe for administration to such people, despite the lack of any testing of said individuals as part of the various trials regarding the various vaccines.

39.    Plaintiffs contends scientific medical evidence exists showing vaccination of individuals who have had the virus and have recovered, or who currently have the virus, will result in serious health issues, including death to those individuals and that due process considerations require mandating prescreening.

WHEREFORE, Plaintiffs moves the Court for:

1.    An injunction against the State Defendants from mandating vaccinations as a condition precedent from attending any class at a CSU campus;

2.     An injunction against the Federal Defendants from issuing final licensure of a Covid-19 vaccine in the absence of mandating prescreeing as a condition precedent to administering a Covid-19 vaccine to any person, and directing that Covid-19 Recovered persons are exempt from vaccination, mandatory or otherwise.

3.     For an Order awarding Plaintiffs cost of suit herein;

4.     For an award of attorneys' fees; and

5.     For such other and further relief as the Court deems proper.

Dated this, June 24, 2021

_____

Peter Gibbons
Attorney for Plaintiffs